[No. 5086.]
[No. 2656 C. A.]

RIDER v. THE THOMAS CROWE MACHINERY COMPANY ET AL.

**Appellate Practice—Attachment—Forthcoming Bond—Tender of Property.**

Where defendant in attachment gave a bond in accordance with Mills' Ann. Stats., § 2715, conditioned that on recovery of judgment by plaintiff he would redeliver the attached property or pay the full value of the same, and one of the sureties who had possession of the property offered, after judgment, to redeliver it but the redelivery was declined, liability on the bond was discharged, and the court having erred in the rejection of such testimony, the cause on appeal will be reversed and remanded.—P. 368.

*Appeal from the County Court of Arapahoe County.*
*Hon. Ben. B. Lindsey, Judge.*

Action by The Thomas Crowe Machinery Company and Emma Schraeder against Hiram C. Rider. From a judgment in favor of plaintiffs, defendant appeals. `                                    *Reversed.*

Messrs. McGintie & Andrews, for appellant.

Mr. Justice Bailey delivered the opinion of the court:

This was an action originally commenced before a justice of the peace to recover upon a forthcoming bond given to release personal property theretofore taken under attachment. The bond was conditioned as follows:

"In case the plaintiff recover judgment in said action and said attachment is not dissolved, then the said defendant will, on demand, redeliver to the proper officer such attached property, or, in default of such redelivery, that the said defendant, and we as their sureties, will pay or cause to be paid to the said plaintiff the full value of the property so released."

This is the statutory bond provided for such occasions.—Sec. 2715, Mills' Ann. Stats.

Defendant, who was surety on the bond, offered to prove in the trial court:

"That, after the obtaining of the judgment, he went to the officer who had levied the writ of attachment, and, being in possession of the property, offered to return the property levied upon, and asked him to go with him to receive the property, as it was at the same place as at the time it was levied upon; that the officer refused to receive the property or to go with him, and told him at the time that he knew when the attachment was levied that it was of no value, for the reason that the property was more than

covered in its value by a mortgage, and that the parties could not have recovered anything whatever if he had not signed the bond.''

This proof was rejected. In this the court erred.

In *Murry v. Ginsberg,* 10 Colo. App. 63, it was held that, before a cause of action will accrue against the sureties, there must be a demand made upon the principal for the goods, and this demand must not have been complied with.

If the attachment defendant had offered to surrender the property, there could be no liability on the bond, and the fact that the property was offered to be redelivered by the surety in whose possession it then was, instead of the principal, can make no difference.

Under the conditions of the bond, the first thing that the attachment creditor was entitled to was the delivery of this property, in the event of his obtaining judgment and the attachment not having been dissolved. He could not avoid the taking of the property simply because the tender was made by the surety instead of the principal.

The court having erred in the rejection of this testimony, the cause will be reversed and remanded.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.